IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL ANTHONY TRAPP (1), <br> RAYMOND GARRAWAY (2), <br> CORDWELL NATHANIEL BENNETT, <br><br> Defendants. | CRIMINAL NO. 16-159 (PAD) |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Before the court is a U.S. Magistrate Judge's Report and Recommendation ("R&R") regarding defendants' motion to dismiss (Docket No. 55), as well as defendant Michael Anthony Trapp's objections (Docket No. 58), to which the government responded (Docket No. 66). For the reasons explained below, the R&R is ADOPTED in its entirety, and the motion to dismiss (Docket No. 43) is DENIED.

## I. INTRODUCTION

Defendants were charged with conspiring to possess with the intent to distribute a controlled substance and aiding and abetting the possession to distribute a controlled substance on board a vessel subject to the jurisdiction of the United States, as prohibited under the Maritime Drug Law Enforcement Act ("MDLEA"), 46 U.S.C. §§ 70503(a)(1) and 70506(a) and (b) (Docket No. 12). Co-defendant Trapp moved to dismiss (Docket No. 43), and remaining defendants Cordwell Nathaniel Bennett (3) and Raymond Alexander Garraway (2) joined (Docket Nos. 44 and 49). The

government opposed (Docket No. 51). The matter was referred to U.S. Magistrate Judge Bruce J. McGiverin for an R&R (Docket No. 52). The Magistrate Judge issued an R&R recommending that defendants' dismissal request be denied. Defendants Raymond Alexander Garraway (2) and Cordwell Nathaniel Bennett (3) did not object to the R&R, but defendant Trapp did (Docket No. 58). The government opposed Trapp's objections (Docket Nos. 66).

## II. STANDARD OF REVIEW

The court may refer motions to a United States Magistrate Judge for an R&R under 28 U.S.C. § 636(b)(1)(B). An adversely affected party may contest the R&R by filing objections within fourteen days of being served with a copy. Fed. R. Civ. P. 72(b). The court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1). It is free to accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. Id.

## III. DISCUSSION

Trapp challenges the Magistrate Judge's finding that Congress has constitutional authority to adopt the MDLEA. He presses two arguments: (1) that the Magistrate Judge erred in discarding the applicability of United States v. Palmer, 16 U.S. (3 Wheat) 610 (1818), United States v. Furlong, 18 U.S. (5 Wheat) 184 (1820), and United States v. Smith, 18 U.S. (5 Wheat) 153 (1820) (Docket No. 58 at pp. 2-5); and (2) that the Magistrate Judge incorrectly relied on United States v. Wilchombe, 838 F.3d 1179 (11th Cir. 2016), because a petition for writ of *certiorari* to the Supreme Court was filed in that case (Docket No. 58 at pp. 6-7).

As to defendant's first argument, the R&R thoroughly addresses Palmer, Furlong, and Smith, and the court agrees with the Magistrate Judge's conclusions. Palmer involves an issue of statutory

interpretation rather than a constitutional challenge. See, United States v. Suerte, 291 F.3d 366, 373-374 (5th Cir. 2002)(describing Palmer). Hence, it is inapplicable here. Moreover, in United States v. Nueci-Pena, 711 F.3d 191, 198 n.7, the First Circuit rejected the arguments related to Furlong and Smith. See also, United States v. Salazar-Realpe, 2015 WL 3820757, *2 (D.P.R. 2015). As to Wilchombe, the court is unpersuaded by the defendant's contention. First, the petition for writ of *certiorari* was denied as of June 19, 2017. See, --- S. Ct. ----, 2017 WL 881115 (Mem). And in any case, as the government points out (Docket No. 66 at pp. 4-5), Wilchombe relies and cites other well-established and current case law, including United States v. Cardales, 168 F.3d 548, 553 (1st Cir. 1999). So, there is no justifiable reason to diverge from the Magistrate Judge's determination here.

In the end, after examining defendant's objections and conducting a *de novo* review of the Magistrate Judge's findings and legal conclusions, the court determines that both are adequately supported by the record and the law. The Magistrate Judge adequately looked into, and analyzed defendant's arguments in support of the request to dismiss. Moreover, in his objections, defendant does not provide sufficient grounds justifying a change in the Magistrate Judge's well supported R&R. With that in mind, the court ADOPTS the R&R in its entirety.

### IV. CONCLUSION

For the reasons stated, the court ADOPTS the Magistrate Judge's R&R at Docket No. 55, and DENIES Trapp's "Motion to Dismiss Indictment for Lack of Jurisdiction" at Docket No. 43.

**SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of June, 2016.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE