**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CRIMINAL NO. 16-159 (PAD) |
| MICHAEL ANTHONY TRAPP, <u>ET AL.</u>, | |
| Defendants. | |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Before the court is defendants' "Motion to Dismiss for Violation of the Double Jeopardy Clause" (Docket No. 257), which the government opposed (Docket No. 260). Defendants replied (Docket No. 261). For the reasons explained below, the motion is DENIED.

## I.     PROCEDURAL HISTORY

On March 15, 2016, defendants were charged in a two-count indictment with conspiracy to possess with the intent to distribute 100 kilograms or more of marijuana and with the substantive offense of possession with intent to distribute that amount of the same controlled substance (Docket No. 12). On September 11, 2016, following a six-day trial, a jury found them guilty as charged (Docket Nos. 141, 143, 146, 147, 160, 166, 169-171). On November 19, 2018, they filed a motion for mistrial centered on the prosecution's rebuttal during closing argument (Docket No. 227). On January 22, 2019, the government opposed the motion (Docket No. 233). On July 11, 2019, the court granted the motion (Docket No. 236), and on October 17, 2019, scheduled trial for February 3, 2020 (Docket No. 250). In the motion *sub judice*, defendants contend the Double Jeopardy Clause prevents the government from retrying them (Docket No. 257).

## II.    DISCUSSION

The Double Jeopardy Clause ensures that "[n]o person shall be subject for the same offence to be twice put in jeopardy or life or limb." U.S. Const. Amend. V.  The Clause protects a criminal defendant against "repeated prosecutions for the same offense," affording the defendant the right "'to have his trial completed by a particular tribunal.'" United States v. Dinitz, 424 U.S. 600, 606, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976) (quoting Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949)).  It does not offer a guarantee to the defendant that the State "will vindicate its societal interest in the enforcement of the criminal laws in one proceeding."  Oregon v. Kennedy, 456 U.S 667, 672 (1982).  Where a motion for mistrial has been granted, it bars a retrial only where the governmental conduct giving rise to the successful motion for mistrial was intended to provoke the defendant into moving for a mistrial.  Id. at 677.

In this light, the central assessment the court must perform focuses on the prosecution's intent, to infer from the prosecution's case and its actions if the government's aim was in fact to force or incite the filing of a motion for mistrial.  Having presided over the trial, the court cannot conclude that the actionable threshold is met.  The government opposed the mistrial motion in a comprehensive response, arguing in part that its arguments in rebuttal where permissible inferences from the facts introduced during trial (Docket No. 227, pp. 13-17).  Even if the government's opposition was not successful, at the end of the day this is not a case where the evidence led a reasonable person to conclude that acquittal was likely at the time of the objected comment, and that misconduct had to be engaged in to prevent it, triggering the motion for mistrial. See, United States v. Gary, 74 F. 3d 303, 315 (1st Cir. 1996)(discussing topic)(citing Kennedy,

456 U.S at 679; United States v. Wallach, 979 F. 2d 912, 916 (2d Cir. 1992), *cert denied* 508 U.S.

939 (1993); and United States v. Cartagena-Carrasquillo, 70 F. 3d 706, 714-715 (1st Cir. 1995)).

## III.    CONCLUSION

In evaluating the motion for mistrial, the court took into consideration the totality of the

circumstances and objectively determined that the motion had to be granted.  But that does not

mean defendants cannot be retried.  As the Supreme Court recognized in Kennedy, prosecutorial

conduct that might be viewed as overreaching, "even if sufficient to justify a mistrial on

defendant's motion … does not bar retrial absent intent on the part of the prosecutor to subvert the

protections afforded by the Double Jeopardy Clause."  Kennedy, 456 US. at 675-676.  No such

intent exists here.  Therefore, the motion to dismiss is hereby DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of December, 2019.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE